**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANNY RAVIART, | No. 14-16462 |
| Petitioner - Appellant, | D.C. No. 2:03-cv-00164-MCE-EFB |
| v. | |
| JOSEPH MCGRATH, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., Chief District Judge, Presiding

Submitted July 28, 2015[**]
San Francisco, California

Before: D.W. NELSON, CANBY, and NOONAN, Circuit Judges.

Danny Raviart appeals the district court's denial of his petition for a writ of

habeas corpus. Raviart claims that there was not sufficient evidence to support his

conviction of assault on Sacramento Police Officer Joe Wagstaff, that the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

instructions issued by the trial court omitted an element of assault, and that the trial judge committed misconduct by aggressively questioning witnesses. We have jurisdiction under 28 U.S.C. § 1291, and we AFFIRM.

We review the district court's denial of a § 2254 habeas petition de novo. *Blair v. Martel*, 645 F.3d 1151, 1154 n.1 (9th Cir. 2011). Because this appeal was filed after April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") applies. Under AEDPA, federal habeas relief may not be granted unless the state court's adjudication of the petitioner's claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Because the California Supreme Court rejected Raviart's direct appeal without comment, we review the opinion of the California Court of Appeal. *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002).

Raviart argues the state appellate court erred by finding that sufficient evidence supported his conviction of assault on Officer Wagstaff. A habeas petitioner challenging the sufficiency of the evidence is entitled to relief if "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). Here, there was sufficient evidence from which a rational trier of fact could have found the essential elements of

2

assault with a deadly weapon beyond a reasonable doubt. Trial testimony established that Raviart had drawn a gun when Officer Wagstaff confronted him, including testimony by other officers that Wagstaff shouted "Gun!" several times while facing Raviart. Thus, the state appellate court did not unreasonably apply *Jackson* when it determined that sufficient evidence supported the jury's verdict that Raviart had committed an assault with a deadly weapon.

Raviart argues the trial court erred by failing to instruct the jury that under California law the mental state for assault is satisfied only if the defendant actually knew the alleged victim was present. An element omitted from a jury instruction is subject to harmless error analysis. *Neder v. United States*, 527 U.S. 1, 9-10 (1999); *United States v. Cherer*, 513 F.3d 1150, 1155 (9th Cir. 2008). On collateral review, the standard is "whether the error had substantial and injurious effect or influence on determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1992) (internal quotation marks omitted). Here, the trial court's omission of the actual knowledge instruction was harmless. Substantial evidence established that Raviart came face to face with Officer Wagstaff while pointing his gun. Because there is little doubt that Raviart had actual knowledge of Wagstaff's presence, it was not unreasonable for the state appellate court to have determined the omission

3

of the actual knowledge instruction had no "substantial and injurious effect or influence," *Brecht*, 507 U.S. at 637, on the jury's verdict.

Raviart argues that the trial judge's questioning of several witnesses resulted in the court aligning itself with the prosecution. Raviart's failure to object to the judge's questioning during the trial provided an adequate and independent ground under California's contemporaneous objection rule, *People v. Corrigan*, 310 P.2d 953, 955-56 (Cal. 1957), for the state appellate court to reject Raviart's judicial misconduct claim. Federal review is thus precluded. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). Even were review available, the trial judge's questioning here did not rise to the "extremely high level of interference by the trial judge which creates a pervasive climate of partiality and unfairness," *Duckett v. Godinez*, 67 F.3d 734, 740 (9th Cir. 1995) (internal quotation marks and citations omitted), required for a federal court to grant habeas relief.

AFFIRMED.